**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LaShanika Moore, individually and on behalf of all others similarly situated,**<br><br>　　　　　　　**Plaintiff,**<br><br>　-against-<br><br>**CSL PLASMA INC.,**<br><br>　　　　　　　**Defendant.** | No: 1:24-cv-01104<br><br>**CLASS ACTION COMPLAINT** |

LaShanika Moore ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation and other damages for Plaintiff and similar non-exempt manual workers (collectively, "Manual Workers") who work or have worked for CSL Plasma Inc. (collectively, "CSL Plasma" or "Defendant") in New York State.

2. CSL Plasma is a private plasma collection company that has donation centers throughout the United States.

3. CSL Plasma is a foreign business corporation incorporated in Delaware.

4. According to its corporate paystubs, CSL Plasma's corporate headquarters is located at 900 Broken Sound Parkway, Suite 400, Boca Raton, Florida 33487.

1

5. At all relevant times, Defendant has compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

6. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

7. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Manual Workers in New York.

8. Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955).

9. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

10. Plaintiff brings this action on behalf of herself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191. ("NYLL").

## THE PARTIES

**Plaintiff**

**LaShanika Moore**

11. LaShanika Moore ("Moore") is an adult individual who is a resident of the State of New York.

12. Moore was employed by CSL Plasma as a DST Technician from on or about June

2024 until October 24, 2024.

13. Moore is a covered employee within the meaning of the NYLL.

**Defendant**

**CSL Plasma Inc.**

14. CSL Plasma Inc. is a foreign business corporation organized and existing under the laws of Delaware.

15. CSL Plasma Inc.'s corporate headquarters office is located at 900 Broken Sound Parkway, Suite 400, Boca Raton, Florida 33487.

16. CSL Plasma Inc. may be served through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801.

17. CSL Plasma Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

18. CSL Plasma Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

19. CSL Plasma Inc. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

20. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

21. The members of the proposed class are citizens of states different from that of

Defendant.

22. There are over 100 members in the proposed class.

23. Defendant is subject to personal jurisdiction in New York.

24. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings the First Cause of Action, a NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for CSL Plasma Inc. in New York between April 1, 2018[1] and the date of final judgment in this matter (the "Class").

26. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

27. There are more than fifty members of the Class.

28. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

29. Plaintiff and the Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

4

Class.

30. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

31. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many Plaintiffs and classes in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, whether Defendant compensated Plaintiff and the Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

34. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**LaShanika Moore**

35. More was employed by CSL Plasma Inc. as a DST Technician from on or about June 2024 until October 24, 2024.

36. During her employment, Moore worked at Defendant's Niagara Falls location at 2100 Military Road, Niagara Falls, New York 14304

37. During her employment, over twenty-five percent of Moore's duties were physical tasks, including but not limited to: preparing thedonor area and equipment for the pheresis process, preparing the autopheresis machine, stocking and restocking items in the inventory room, lifting boxes of medical supplies, lifting boxes and putting them on a cart, enduring frequent periods of walking, standing, bending, and kneeling.

38. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Moore has been compensated by Defendant on a bi-weekly basis.

39. For example, for the period beginning on September 22, 2024 and ending October 5, 2024, Moore was paid her lawfully earned wages on October 11, 2024. *See* **Exhibit A**, Moore Paystub.

40. In this regard, Defendant failed to pay Moore her wages earned from September 22, 2024 to September 28, 2024 by October 5, 2024, as required by NYLL § 191(1)(a).

41. As a result of Defendant's untimely wage payments, Moore was underpaid for the period of September 22, 2024 to September 28, 2024, and for every corresponding period where Defendant paid her on an untimely basis.

42. As a result, for half of each biweekly pay period, Moore was injured in that she was temporarily deprived of money owed to her, and she could not invest, earn interest on, or otherwise use these monies that was rightfully owed to her. Accordingly, every day that said money was not paid to her in a timely fashion, she lost the time value of that money.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the Class)**

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

45. Defendant failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a). Thus, Defendant underpaid Plaintiff and the Class.

46. Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
      November 15, 2024

Respectfully submitted,

/s/ Brian S. Schaffer
_____
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*